IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NORA FREEMAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CV-00879-XR |
| | § | |
| SSC SAN ANTONIO SILVER CREEK | § | |
| OPERATING GP LLC, SSC SAN | § | |
| ANTONIO SILVER CREEK OPERATING | § | |
| LP, SMV SAN ANTONIO SILVER CREEK | § | |
| GP LLC, SMV SAN ANTONIO SILVER | | |
| CREEK LP, SMV MANAGEMENT LLC, | | |
| | | |
| *Defendants*. | | |

## ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiff's motion to remand. Doc. No. 4.   After careful consideration, the Court GRANTS the motion.  Accordingly, the case is REMANDED to state court.

## BACKGROUND

This lawsuit arises out of an accident Plaintiff Nora Freeman allegedly suffered during the course of her employment at the Silver Creek Manor Nursing Home.  On July 11, 2013, Plaintiff filed a state court petition against SSC San Antonio Silver Creek Operating GP LLC, SSC San Antonio Silver Creek LP, SMV San Antonio Silver Creek GP LLC and SMV San Antonio LP (collectively, the "Silver Creek Manor Defendants").  Ms. Freeman also initially listed SMV Management LLC, a Texas resident, as a Defendant.  On July 30, 2013, SMV Management LLC answered and denied having any association with the Silver Creek Manor

1

Defendants. Doc. No. 1, Ex. 1.  On August 2, 2013, the Silver Creek Manor Defendants filed an answer, purporting also to answer for SMV Management LLC.  On August 13, 2013, counsel for the Silver Manor Creek Defendants requested that SMV Management LLC be removed from the suit. Doc. No. 4, Ex. E.   Plaintiff complied and voluntarily non-suited SMV Management LLC on August 16, 2013.  Doc. No. 4, Ex. F.  The Silver Creek Manor Defendants received notice of the non-suit on August 22, 2013.

On September 23, 2013, the Silver Creek Manor Defendants filed a notice of removal on the basis of diversity jurisdiction. Doc. No. 1.  Plaintiff subsequently filed this motion to remand contending that the Silver Creek Manor Defendants did not timely remove the case in compliance with 28 U.S.C. § 1446(b). Doc. No. 4.  In addition, Plaintiff alleges that the Defendants have not met their burden of establishing complete diversity. *Id.*

## DISCUSSION

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removal statute generally mandates that a defendant remove a case within 30-days of receipt of an initial pleading. 28 U.S.C. § 1446(b).  A case is removable from its inception if the initial pleadings reveal the basis for federal jurisdiction. *Id.*; *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (internal citation omitted).   However, if the case is not removable when the initial pleadings are filed, the removal statute also provides:

> A notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended

>pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

The timeliness of removal in this case is determined by when the 30-day removal clock began to run against the Silver Creek Manor Defendants. According to Plaintiff, the 30-day clock begins on the date that a defendant "learns of or should have learned of the improper joinder to file a notice of removal." Doc. No. 4, citing *Ayers v. Sears*, 571 F.Supp.2d 768, 772-73 (W.D. Tex. 2008). Plaintiff argues that the Silver Creek Manor Defendants were aware that the case was removable at the time the original petition was filed. Doc No. 4 at ¶16 ("The only parties who knew at the time the Complaint was filed that SMV Management was improperly joined… were each of the defendants."). In *Ayers*, a court in this district held that removing defendants had not met their burden of establishing the timeliness of removal because they had failed to specify when they learned of the alleged improper joinder. *Ayers* does not compel remand here. Unlike the defendants in *Ayers*, the Silver Creek Manor Defendants have alleged a specific time when they learned of removability: when they received notice that the non-diverse Defendant, SMV Management LLC, had been non-suited on August 22, 2013.

The Silver Creek Manor Defendants cite to the Fifth Circuit's decision in *Chapman v. Powermatic, Inc.*, 969 F.2d.160, 163 (5th Cir. 1992), for the proposition that courts should not "inquire into what a particular defendant may or may not subjectively know," regarding removability when the case is filed. In *Chapman*, the plaintiff seeking remand argued that the defendant, through the exercise of due diligence, could have found from the original complaint that the amount in controversy requirement for federal jurisdiction had been met. The Fifth Circuit rejected this argument, and instead held that the original complaint must "reveal on its

face" that the case is removable in order for it to trigger the 30-day clock. *Id.* In this case, the Court finds that the state court petition did not reveal on its face that the case was removable because an in-state party (SMV Management LLC) was listed as a Defendant. Moreover, under *Chapman*, the Silver Creek Manor Defendants were under no obligation to affirmatively ascertain that SMV Management LLC was improperly joined when the case was filed.[1]

This does not end the inquiry because the 30-day removal clock can also begin when a party later learns that the case is removable.[2] In *Bosky v. Kroger Tex., LP*, 288 F.2d 208 (5th Cir. 2002), the Fifth Circuit held that later filings must make it "unequivocally clear" that the case can be removed before the 30-day clock begins to run. It is well settled that a case is removable absent complete diversity if the non-diverse party is improperly joined. *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). Section 1446 provides that the 30-day clock begins to run from when "it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b)(3). Thus, the 30-day clock starts when a party may first ascertain that the non-diverse party is improperly joined.

Defendants argue that their August 22, 2013, receipt of Plaintiff's voluntary non-suit of SMV Management LLC "was the first notice that the case had become removable." Doc. No. 6. The Court disagrees. Defendants received notice of the improper joinder (and thus removability) when SMV Management LLC individually answered and denied any relationship with the other Defendants. At this moment, the Silver Creek Manor Defendants had all the

---

[1] This is a strict application of *Chapman*. In this case, Plaintiff alleges that she was employed by the Silver Creek Manor Defendants. These Defendants knew when the case was filed that SMV Management LLC was not Plaintiff's employer and that it was improperly joined.
[2] Similarly, the 30-day clock also starts if some later event makes a case that was not removable at the time of filing removable.

knowledge they needed to make it "unequivocally clear" that the non-diverse party had been improperly joined, and that removal was possible under *Smallwood*.

In *Fernando Garcia v. MVT Services, Inc.*, 589 F. Supp. 2d 797 (W.D. Tex. 2008), the removing defendants argued that removal was timely because they only received notice of removability when the non-diverse defendant was non-suited. The court rejected this argument. In *Fernando Garcia*, the non-diverse defendant was a party to an agreement that released it from liability in the case. The court found that when the removing defendants received this document, they became aware that the non-diverse defendant was not properly a party to the case and that therefore removal was possible. *Id.* at 805. Therefore, the 30-day clock began before the non-suit actually occurred. Accordingly, case law does not support the Silver Creek Manor Defendants' contention that the non-suit itself can be the only event that triggers the 30-day clock in these circumstances.

In this case, the Court finds that a co-defendant's answer denying any relationship to the parties in the lawsuit is sufficient notice that improper joinder has occurred to trigger the 30-day clock for removal. This decision does not require the Court to engage in the subjective analysis precluded by *Chapman*. Defendants argue that "[a]ny procedure that . . . required a defendant to exercise due diligence outside the initial pleading was rejected by the *Chapman* court." Doc. No. 6 at 5. *Chapman* rejected a due diligence requirement in the context of an amount in controversy dispute. As the Silver Creek Manor Defendants themselves note, *Chapman* was motivated by a desire to ensure that defendants did not "prematurely remove" cases where the grounds for removability were uncertain. *Chapman*, 969 F.2d at 163. Thus, *Chapman* is consistent with the general policy of construing § 1446 against removal. By finding that

5

Defendants received notice of the improper joinder by their co-defendant's answer, this Court is not imposing a "due diligence" requirement.  It is objectively reasonable for the Court to assume that a defendant reads its co-defendant's answer.[3]  Under *Chapman*, it would be inappropriate for the Court to require the Silver Manner Defendants to engage in due diligence to find any putative improper joinder at the time the original complaint was filed.  However, the situation changed when facts were presented to the Defendants indicating that removal was possible. This occurred when SMV Management LLC filed its individual answer.

The improper joinder of the non-diverse Defendant was apparent to the Silver Creek Manor defendants when SMV Management LLC answered on August 13, 2013.   Therefore, by filing their notice of removal on September 23, 2013, Defendants have not complied with the timing requirements of 28 U.S.C. § 1442.   Since the removal was untimely, it is not necessary for the Court to consider Plaintiff's arguments on whether Defendants have established complete diversity.

Plaintiff has also moved for attorney's fees. Doc. No. 4.  This Court may grant attorney's fees if the defendant did not have an "objectively reasonable" basis to believe removal was proper.  Although the Silver Creek Manor Defendants' notice of removal was untimely, it was not unreasonable given the current state of the law. Accordingly, Plaintiff's motion for attorney's fees is denied.

## CONCLUSION

In light of the foregoing analysis, the Court finds that Defendants have not timely removed this case. The motion to remand is therefore GRANTED. Plaintiff's motion for

---

[3] Put another way, reading court filings is not the kind of "due diligence" that *Chapman* meant to prohibit.

attorney's fees is DENIED.  The Clerk is directed to remand the case to state court and to close this case.

SIGNED this 26th day of November, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE